IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHANNON BARRON, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 2:20-cv-04442 |
| ) | |
| vs. ) | Judge Michael H. Watson |
| ) | |
| CHARTER COMMUNICATIONS, LLC, ) | |
| ) | |
| Defendants. ) | |

**CHARTER'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS,
OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT**

Defendant Charter Communications, LLC ("Charter") brings this Motion requesting dismissal of Plaintiff's collective and class claims for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, a more definite statement as to the collective and putative class members Plaintiff seeks to represent. In support of its Motion, Charter states the following:

**INTRODUCTION**

Plaintiff Shannon Barron filed a class action Complaint against Charter, alleging violations of the Fair Labor Standards Act ("FLSA") and Ohio state law. Her Complaint purports to seek statewide and nationwide class relief. Yet Plaintiff failed to identify a single job duty performed by her or any similarly-situated collective or class member, making it impossible for Charter to determine the breadth or composition of any prospective class or respond to Plaintiff's allegations. These deficiencies alone warrant dismissal. Should the Court allow Plaintiff's claims to survive, Charter requests that Plaintiff be required to provide a more definite statement and amplify the meager factual allegations asserted regarding the putative class.

## ARGUMENT

A.  **Legal Standards.**

Under Fed. R. Civ. P. 12(b)(6), the Court must dismiss the Complaint if it fails to state a claim upon which relief may be granted. Where "no relief could be granted under any set of facts that could be proved consistent with the allegations," dismissal is appropriate. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint is not sufficient if it merely "tenders naked assertions devoid of further factual enhancement;" it requires more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citing *Twombly*, 550 U.S. at 570).

Under Fed. R. Civ. P. 12(e), "[i]f a pleading fails to specify its allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Evans–Marshall v. Board of Educ. of Tipp City Exempted Village School Dist.*, 428 F.3d 223, 228 (6th Cir. 2005). Rule 12(e) provides that "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Courts grant such motions where "it would make practical sense to allow Plaintiff to organize and clarify the claims and parties in [the] case." *Brown v. Mohr*, 2016 WL 1127872, at *2 (S.D. Ohio Mar. 23, 2016). *See also Woodard v. FedEx*

*Freight East, Inc.*, 250 F.R.D. 178, 192 (M.D. Pa. 2008)(granting motion for more definite statement).

**B.      The Complaint Fails to Adequately Define the Putative or Collective Classes.**

Dismissal of an FLSA collective action is appropriate where the Complaint does not give the defendant fair notice of the putative class. *Sardisco v. Direct Imp. Home Decor, Inc.*, No. 1:13 CV 2701, 2014 WL 3014369, at *6 (N.D. Ohio July 2, 2014). "[A]n FLSA plaintiff must allege specific facts describing the job duties of the alleged 'similarly situated' employees in order to provide a defendant with fair notice of who is in the putative class and to survive *Twombly* and *Iqbal* pleading standards." *Ainsworth v. Rod's Prod. Servs., LLC*, No. A-15-CA-605-SS, 2015 WL 13567093, at *3 (W.D. Tex. Aug. 28, 2015). "A job title alone will not meet this standard." *Id*.

Plaintiff's Complaint fails to identify a single job duty she or any collective or class member performed. Instead, the Complaint summarily states "Plaintiff and other similarly-situated employees were employed as customer service representatives or performed similar tasks as call center/ customer care/account/compliance representatives." (Complaint, ¶18). Similarly, both the proposed collective and class definitions cover: "All former and current call center/customer care/account/compliance representatives or persons with jobs performing substantially identical functions and/or duties to call center/customer care/account/compliance representatives employed by Charter Communications, LLC…" *Id*., ¶¶41, 45. Yet nowhere does the Complaint define the "functions" of what, at first glance, appears to be at least four separate categories of employees: "call center representatives," "customer care representatives," "account representatives," and "compliance representatives." And the broad job titles Plaintiff invokes do not give any indication of the job duties those individuals purportedly performed. A "customer

care representative" could perform any number of duties, as could account, call center, and compliance representatives.

These threadbare allegations neither provide sufficient notice of the putative collective or class members nor survive the pleading standards of *Twombly* and *Iqbal*. *See Ainsworth*, 2015 WL 13567093, at *4 (granting motion to dismiss where the Complaint only identified the FLSA class as "all current and former welders" without defining the welder position with more specificity, because "[t]o meet the Rule 12(b)(6) standard, Ainsworth must accompany the job title with specific details revealing what he and the similarly situated welders did when they reported to work")(internal quotations omitted); *Creech v. Holiday CVS, LLC*, No. CIV.A. 11-46-BAJ-DLD, 2012 WL 4483384, at *3 (M.D. La. Sept. 28, 2012)(granting motion to dismiss where the "[Complaint] fails to provide any such description or details about the other proposed parties who are alleged to be 'similarly situated.' Plaintiff only claims the other class members performed the same or similar job duties in that they 'provided customer services' for the Defendants. This is not descriptive enough to give rise to a plausible right to relief."); *St. Croix v. Genentech, Inc.*, No. 8:12-CV-891-T-33EAJ, 2012 WL 2376668, at *3 (M.D. Fla. June 22, 2012)(granting motion to dismiss where "the Complaint provides no description of the job duties (or even the job titles) of the alleged similarly situated employees" and thus did not satisfy *Twombly* and *Iqbal* pleading standards); *Pickering v. Lorillard Tobacco Co.*, No. 2:10-CV-633-WKW, 2011 WL 111730, at *2 (M.D. Ala. Jan. 13, 2011)(granting motion to dismiss where Complaint provided no description of job duties of the proposed similarly situated employees or the named plaintiff). Without more, the Court has no way of ascertaining whether the types of employees contemplated by Plaintiff's classifications are similarly-situated to each other, much less the identities of employees Plaintiff considers to be "performing substantially similar job functions." Plaintiff's Complaint thus fails

to provide sufficient notice of the putative class, and should therefore be dismissed. *Sardisco*, 2014 WL 3014369, at *6.

C.     **Alternatively, Plaintiff Must File a More Definite Statement.**

If the Court permits Plaintiff's claims to survive dismissal, it should require Plaintiff to submit a more definite statement to provide Charter with sufficient notice of the putative class and to allow Charter to respond accordingly. In *Woodard*, the Middle District of Pennsylvania granted the defendant's motion for a more definite statement, where, as here, the proposed FLSA collective action class was vague and poorly defined. *Woodard v. FedEx Freight E., Inc.*, 250 F.R.D. 178, 192 (M.D. Pa. 2008). The complaint defined the proposed collective action group as all current and former FedEx Freight employees who were denied overtime compensation. *Id*. FedEx argued that it would "have a difficult time admitting or denying this pleading because it does not know to which group of employees it applies." *Id*. The court granted FedEx's motion for a more definite statement, noting that, "at best, FedEx Freight is left to guess as to which employees it failed to pay overtime in violation of the FLSA." *Id*. The court further reasoned that by filing a more definite and precise statement, the proposed collective group would be "sufficiently defined and manageable from the outset" and "the parties can allocate resources more efficiently throughout the litigation." *Id*. Similarly, in this case, Charter cannot determine to which group of employees the Complaint applies, and therefore cannot respond appropriately. To remedy this deficiency, the Court should order Plaintiff to specifically plead the job duties for each position she alleges are similarly situated to her own.

## CONCLUSION

Plaintiff's Complaint fails to provide any factual allegations that would allow Charter to determine the size or composition of any putative collective or class. Therefore, Charter

respectfully requests that the Court dismiss the Complaint's collective and class claims for failure to state a claim upon which relief may be granted, or in the alternative, to order Plaintiff to provide a more definite statement as to the identification of potential collective and class members.

                                          Respectfully submitted,

                                          **THOMPSON COBURN LLP**

                                          By: */s/ Laura M. Jordan*
                                              Laura M. Jordan, admitted *pro hac vice*
                                              One US Bank Plaza, Suite 2700
                                              St. Louis, MO 63101
                                              Telephone: 314.552.6469
                                              Facsimile:  314.552.7000
                                              ljordan@thompsoncoburn.com

                                          LEWIS BRISBOIS BISGAARD & SMITH LLP
                                              John F. Hill (0039675)
                                              1 GOJO Plaza, Suite 310
                                              Akron, OH 44311
                                              Telephone: (330) 272-0044
                                              Facsimile:  (330) 272-0019
                                              john.hill@lewisbrisbois.com

                                        *Attorneys for Defendants*

Dated:  November 9, 2020

## CERTIFICATE OF SERVICE

       The undersigned certifies that on this 9th day of November, 2020, the foregoing was filed using the Court's CM/ECF system and will be served via the Court's CM/ECF filing system, on the following:

Michael Fradin
8 N. Court St. Suite 403
Athens, Ohio 45701

P: 847-986-5889
Fax: 847-673-1228
Email: mike@fradinlaw.com

Hans A. Nilges
4580 Stephen Circle, NW
Suite 201
Canton, Ohio 44718
P:(330) 470-4428
Fax:(330) 754-1430
Email: hans@ohlaborlaw.com

                                  */s/ Laura M. Jordan*
                                  Attorney for Defendants