MICHAEL L. FRADIN (0091739)
*mike@fradinlaw.com*
LAW OFFICE OF MICHAEL L. FRADIN
8 N. Court St. Suite 403
Athens, Ohio 45701
Telephone: 847/986-5889
Facsimile: 847/673-1228

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| SHANNON BARRON and YVETTE BUTCHER<br><br>Plaintiffs,<br><br>*v.*<br><br>CHARTER COMMUNICATIONS, LLC<br><br>c/o Corporation Service Company<br>50 West Broad Street Suite 1330<br>Columbus, OH 43215<br><br>Defendant, | Case No. 20-cv-04442<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF:**<br><br>1. **The Fair Labor Standards Act (29 U.S.C. §§ 201-219);**<br>2.<br>   a. **Article II, § 34a of the Ohio Constitution**<br>   b. **Ohio Revised Code Chapter 4111: Ohio Minimum Fair Wage Standards Act**<br><br>DEMAND FOR JURY TRIAL<br><br>Judge Michael H. Watson<br>Magistrate Judge Elizabeth P. Deavers |

## **FIRST AMENDED COMPLAINT**

Now comes Plaintiffs, Shannon Barron and Yvette Butcher, by and through their undersigned counsel, Michael L. Fradin, and for their First Amended Complaint against Defendant, Charter Communications, LLC, state and allege the following:

### **JURISDICTION AND VENUE**

1. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §

1

1331 and 29 U.S.C. § 216(b).

2.     The Court has supplemental jurisdiction over Plaintiffs' OMFWSA and Ohio Constitutional claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4.     At all times relevant herein, Plaintiffs have been citizens of the United States and residents of Ohio.

5.     At all times relevant herein, Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e) and R.C. 4111.03(D)(3).

6.     Defendant Charter Communications, LLC is a corporation for profit organized and existing under the laws of the State of Delaware.

7.     At times relevant herein, Defendant conducted business in Dublin, Ohio as well as across the Country.

8.     At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. 4111.03(D)(2).

9.     At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10.    At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

12. Plaintiff Barron was employed by Defendant at their Dublin, Ohio office from about October, 2012 through about July 30, 2020.

13. Plaintiff Butcher was employed by Defendant at their Dublin, Ohio office from about August, 1998 through about May, 2019.

14. Plaintiff Barron was employed as a collections' specialist and later as a credit service specialist.

15. Plaintiff Butcher was employed as a customer service representative and later as credit service specialist.

16. Plaintiffs are non-exempt employees under the FLSA.

17. Plaintiffs were paid an hourly wage.

**(Failure to Pay For Time Spent Starting and Logging Into Computer Systems and Applications)**

18. Plaintiffs were required by Defendant to perform unpaid work before clocking in each day, including but not limited to starting and logging into TARRMS.

19. Defendant arbitrarily failed to count this work performed by Plaintiffs as "hours worked."

20. Plaintiffs performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

21. This unpaid work performed by Plaintiffs was practically ascertainable to Defendant.

22. There is no practical administrative difficulty of recording this unpaid work of

Plaintiffs. It could be precisely recorded for payroll purposes simply by allowing them to clock in and be paid before they brought up Defendant's computer systems.

23. This unpaid work performed by Plaintiffs constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

24. Moreover, this unpaid work is an integral and indispensable part of other principal activities performed by Plaintiffs. They could not perform their work without opening Defendant's computer system, including but not limited to TARRMS.

### (Failure to Pay Overtime Compensation)

25. As a result of Plaintiffs not being paid for all hours worked, Plaintiffs were not paid overtime compensation for all of the hours they worked over 40 each workweek.

26. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

### (Failure to Keep Accurate Records)

27. Defendant failed to make, keep, and preserve records of the unpaid work performed by Plaintiffs before clocking in each day.

### (Fair Labor Standards Act Violations)

28. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

29. Defendant's practice and policy of not paying Plaintiffs for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

30. Defendant's practice and policy of not paying Plaintiffs for all work performed each day violates the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

31. Defendant's practice and policy of not paying Plaintiffs' overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violates the FLSA, 29 U.S.C. § 207.

32. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiffs violates the FLSA, 29 C.F.R. 516.2(a)(7).

33. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

34. As a result of Defendant's practices and policies, Plaintiffs have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
**(Violations of Ohio Revised Code 4111.03 and Article II, § 34A of the Ohio Constitution)**

35. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

36. Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA. (See *Douglas v. Argo-Tech Corp.,* 113 F.3d 67 n. 2 (6th Cir.1997) (noting that Ohio's wage and hour law "parallels the FLSA" and approaching the Ohio law and the FLSA in a "unitary fashion" is appropriate).

37. Defendant's practice and policy of not paying Plaintiffs for work performed before clocking in each day violated the OMFWSA, R.C. 4111.03 and Article II, § 34A of the Ohio Constitution.

38. Defendant's practice and policy of not paying Plaintiffs for work performed when not logged into Defendant's computer system and applications violated the OMFWSA, R.C. 4111.03 and Article II, § 34A of the Ohio Constitution.

39. Defendant's practice and policy of not paying Plaintiffs' overtime compensation at

a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the OMFWSA, R.C. 4111.03 and Article II, § 34A of the Ohio Constitution

40. By failing to pay Plaintiffs' overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. 4111.03 and Article II, § 34A of the Ohio Constitution.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Honorable Court:

A. Award Plaintiffs actual damages for unpaid wages;

B. Award Plaintiffs statutory liquidated damages;

C. Award Plaintiffs pre- and post-judgment interest at the statutory rate;

D. Award Plaintiffs attorneys' fees, costs, and disbursements; and

E. Award Plaintiffs further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Michael L. Fradin*
Attorney for Plaintiffs
Michael Fradin (0091739)
8 N. Court St. Suite 403
Athens, Ohio 45701
P: 847-986-5889
Fax: 847-673-1228
Email: mike@fradinlaw.com

## JURY DEMAND

Plaintiffs demand a trial by jury on all eligible claims and issues.

6

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 1st day of August, 2021, the foregoing was filed using the Court's CM/ECF system and will be served via the Court's CM/ECF filing system.

                          *s/ Michael L. Fradin*
                          Attorney for Plaintiffs